Filed 12/30/22  P. v. Sawyer CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY SAWYER et al.,<br><br>Defendants and Appellants. | B314534<br><br>(Los Angeles County<br>Super. Ct. No. BA411285-01, 02) |

APPEAL from orders of the Superior Court of Los Angeles County,  Renee R. Korn, Judge  Reversed with directions.

Richard Lennon and Tanya Dellaca, by appointment of the Court of Appeal for Defendant and Appellant Timothy Sawyer.

Edward H. Schulman, by appointment of the Court of Appeal for Defendant and Appellant Thamicha Sawyer.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

Appellants Timothy Sawyer and Thamicha Sawyer (the Sawyers) are husband and wife. In 2014, each was convicted of one count of first degree burglary, with true findings on gang and firearm enhancements. The convictions arose from a plea agreement. The trial court sentenced each to 15 years in state prison.

Seven years later in 2021, the Los Angeles District Attorney's Office filed petitions for recall and resentencing under former Penal Code[1] section 1170, subdivision (d)(1). The petitions sought resentencing that would have resulted in the Sawyers' immediate release from prison.

The petitions raised numerous grounds, including the Sawyers' positive rehabilitation in prison, mitigating circumstances surrounding their cases, and changed practices for charging gang enhancements. Perhaps the most unusual aspect of the proceedings was that three federal prosecutors testified on the Sawyers' behalf. These attorneys detailed the Sawyers' significant assistance to the FBI, after their plea agreements, with several federal racketeering investigations—absent any promise of leniency.

The resentencing court held multiple hearings on the matter. The court ultimately resentenced the Sawyers to 13 years in prison, a two-year reduction for each.

Both the Sawyers appealed, contending the matter should be remanded for reconsideration in light of recent legislation that "drastically" altered the landscape of discretionary resentencing. Specifically, a few months after the trial court ruled, the Legislature renumbered the recall and resentencing provision of former section 1170 and revised it. The new statute originally

---

[1] Further statutory citations are to the Penal Code.

was codified as section 1170.03. (See *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038 (*McMurray*) [describing these changes].) Effective June 30, 2022, section 1170.03 was renumbered section 1172.1 without additional substantive change. (Stats. 2022, ch. 58, § 9.)

The Sawyers claim the court should decide their resentencing under the new statute that embraces party agreements and includes a new presumption favoring resentencing. They contend the new statute applies retroactively.

The People agree the new statute "substantially alters the framework for recall and resentencing" for felony cases. For example, where, as here, the district attorney seeks resentencing, the statute affords a presumption favoring resentencing, unless the defendant is an unreasonable risk to public safety. (§ 1172.1, subd. (b)(2).) And where the parties agree, the court may vacate a conviction to impose judgment on a lesser included or related offense. (§ 1172.1, subd. (a)(3)(B).) Here the parties agreed to a time-served sentence.

The People further concede the relevant legislative history suggests the Legislature sought to clarify the intent behind the preexisting statute (former section 1170, subdivision (d)(1)), which "raises substantial questions about how best to interpret" that provision. (See *McMurray*, *supra*, 76 Cal.App.5th at pp. 1040–1041.) The People agree a remand for reconsideration is appropriate, but do not agree that the changes made by the statute apply retroactively.

In part, the People are correct. "The legislative history of these changes indicate that [Assembly Bill No. 1540] was, in part, intended to clarify the Legislature's intent regarding former

3

section 1170(d)(1), which it had amended in 2018." (*McMurray, supra*, 76 Cal.App.5th at p. 1040.) "The legislative history further indicates that Assembly Bill 1540 was intended to clarify certain aspects of former section1170(d)(1) that the appellate courts had incorrectly interpreted, including that, ' "when a sentence is recalled or reopened for any reason, in resentencing the defendant trial courts must apply 'any changes in law that reduce sentences or provide for judicial discretion.' (Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended June 22, 2021, p. 3 [noting that *People v. Federico* (2020) 50 Cal.App.5th 318 [264 Cal.Rptr.3d 61], review granted August 26, 2020, S263082, held to the contrary].)" ' " (*McMurray,* at p. 1041.)

Some of the changes made by Assembly Bill No. 1540 might be viewed as changing existing law. As relevant here, the bill adds a presumption in favor of "recall and resentencing" when the resentencing is requested by the district attorney, and also specifically permits the resentencing court to "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense . . . with the concurrence of both the defendant and the district attorney[.]" (§ 1172.1, subds. (a)(3)(B) & (b)(2).) These changes do apply retroactively.

Thus, to the extent Assembly Bill No. 1540 only clarified and confirmed the law, it does not change the law and so does not operate retroactively. However, as set out below, it governs this case. (See *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 252.)

A criminal defendant is entitled to the benefit of a change in the law during the pendency of his appeal. (*People v. Babylon*

4

(1985) 39 Cal.3d 719, 722; *In re Estrada* (1965) 63 Cal.2d 740, 744, 748.)  Under *Estrada*, a new law that reduces punishment may apply to a pending case.  But retroactive application is not limited to that type of new punishment statute.  "*Estrada's* inference of retroactivity" also applies to a new criminal law that "reduces the *possible* punishment for a class of persons" even though it does not directly or expressly reduce a sentence. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303, italics added.)  Here, Assembly Bill No. 1540 reduces the possible punishment of certain defendants who are not a risk to public safety when the district attorney recommends resentencing, including by permitting the defendant's conviction to be vacated.

Although *Estrada* is often characterized as being inapplicable to cases which are final, the California Supreme Court has explained that *Estrada* should not be interpreted so rigidly.  In *People v. Esquivel* (2021) 11 Cal.5th 671 (*Esquivel*), the defendant's conviction, including the sentence imposed, was already final when the court later revoked his probation and ordered him to serve the prison term that was initially stayed. (*Id*. at p. 673.)  It was during the defendant's appeal from the probation revocation order that the Legislature changed the law that governed the effect of the defendant's prior strikes on his sentence.  (*Ibid*.)  The Supreme Court found that the change in the law did apply retroactively.  As the Supreme Court explained, "*Estrada* presumed that our Legislature intends for ameliorative enactments *to apply as broadly as is constitutionally permissible*." (*Esquivel,* at p. 677, italics added.)  And "[t]he significance of finality was that legislation 'constitutionally could apply' to nonfinal judgments."  (*Ibid.)*  The court reasoned that "[p]resumably, *Estrada* understood finality to trigger at least a

potential constitutional restraint (i) on the Legislature's power to intervene in judicial decisionmaking or (ii) on the judiciary's power to affect matters that were no longer pending.  But any constraint on the Legislature's power to affect 'final' criminal judgments would appear to arise from the conclusion of a criminal proceeding as a whole." (*Id.* at p. 678.)  Consequently "the role of finality in *Estrada's* reasoning counsels against importing a rigid understanding of the term 'final' into this context." (*Id.* at p. 677.)

Here, as in *Esquivel*, the Sawyers' sentences were final, but subsequent events—in *Esquivel* it was the defendant's apparent violation of probation, and in this case, the district attorney's recommendation that the Sawyers' sentences be recalled—effectively reopened the issue for the court's further consideration.  When that happened, it presented a new opportunity for the Legislature's ameliorative enactment to be applied.  And under *Estrada* and *Esquivel*, it must be.  We therefore remand the matter for reconsideration.

Timothy Sawyer also seeks an amended abstract of judgment correctly reflecting all the time he has served.  Thamicha Sawyer maintains her amended abstract of judgment dated January 24, 2022 properly calculates custody credits.  The prosecution does not address this issue.

On remand, the resentencing court should ensure that the amended abstracts of judgment for both defendants account for time served.  (See § 1172.1, subd. (a)(5) ["Credit shall be given for time served."]; see also *People v. Cepeda* (2021) 70 Cal.App.5th 456, 464.)

## DISPOSITION

We vacate the resentencing orders and remand the matter for reconsideration of the resentencing petitions under the new statute. Any new sentence shall be no greater than the revised sentences ordered on July 26, 2021. On remand, the resentencing court shall ensure the accuracy of the credits reflected in the current amended abstracts of judgment and shall forward a certified copy of any further amended abstract of judgment to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


GRIMES, J.


HARUTUNIAN, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7